**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ERIC REESE,

        Plaintiff,                        CASE NO. 06-CV-14516

-vs-

                                           PAUL D. BORMAN
                                           UNITED STATES DISTRICT JUDGE

COLLECTION BUREAU OF AMERICA,

        Defendant.

_____/

## **ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Before the Court is Plaintiff Eric Reese's ("Plaintiff") Motion for Default Judgment. (Doc. No. 18). The Court has determined that oral argument on Plaintiff's Motion for Default Judgment is unnecessary. *See* E.D. Mich. L.R. 7.1(e)(2).

This action arises from Plaintiff's alleged debt to Comcast Cable in the amount of $70.82. Plaintiff alleges that the debt was the result of a billing error which was subsequently corrected by Comcast Cable. However, before the debt was credited, Comcast Cable sent the debt to a debt collection agency, Defendant Collection Bureau of America ("Defendant"). Defendant then proceeded to contact Plaintiff. (Plf. Br. Ex. C, collection letter). Defendant continued to contact Plaintiff despite the fact Plaintiff had requested in writing that they refrain from doing so, denying the debt, and requesting a validation of the debt. (Plf. Br. Ex. D, Letters and Proof of Mailing). Defendant also reported the debt to other credit agencies. (Plf. Br. Ex. A, Credit Report).

On October 16, 2006, Plaintiff filed the present action *pro se* alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq. Defendant was properly served on January 18, 2007, but

failed to respond or otherwise make an appearance in the action.

On March 12, 2007, the Clerk entered the requested entry of Default. (Doc. No. 8). On May 23, 2007, the Court issued an Order to Show Cause as to why the case should not be dismissed for lack of prosecution. (Doc. No. 9). On June 8, 2007, Plaintiff's newly retained attorney made an appearance in the action and requested an enlargement of time in which to file a Motion for Default Judgment. On June 8, 2007, Plaintiff filed his first Motion for Default Judgment which was scheduled for a hearing on September 13, 2007. (Doc. No. 12). The Court subsequently adjourned this hearing date and requested affidavits and/or documentation to corroborate damages, which were not a sum certain. (Doc. No. 15).

On October 19, 2007, Plaintiff appears to have filed an Second Motion for Default Judgment which referred to exhibits which were not attached to the Motion and failed to attach a brief in support. (Doc. No. 16). On December 4, 2007, Plaintiff resubmitted his Second Motion for Default Judgment with a brief and exhibits in support. (Doc. No. 17).

Federal Rule of Civil Procedure 55(b) regulates the entry of default judgments. Pursuant to Rule 55(b)(2), when the amount is not for a sum certain, default judgment may be entered as follows:

> (2) By the Court. In all other cases the party entitle to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative, who has appeared therein . . . .

Although Rule 55(b)(2) does not provide a standard to determine when a party is entitled to a judgment by default, the case law sets forth that the court must exercise "sound judicial discretion" when determining whether to enter the judgment. 10A CHARLES ALAN WRIGHT, ARTHUR R.

MILLER, MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2685 (3rd 3d. 1998) (collecting cases). After a court determines that a default judgment should be entered, it will determine the amount and character of the recovery awarded. *See id.* § 2688 (collecting cases).

Plaintiff submits that he is entitled to the following amounts in damages:

(1) $1,000 for violation of 15 U.S.C. § 1692e(2) and (8);
(2) $4,000 for four separate violation of 15 U.S.C. § 1681s;
(3) $2,200 for reasonable attorney fees under 15 U.S.C. § 1692k(3) and 15 U.S.C. §§ 1681n(a)(3); 1681o(a)(2).

Therefore, Plaintiff seeks a damages in the total amount of $7,200.00. Plaintiff also requests that the Court order Defendant to delete the tradeline associated with this case within 30 days of the entry of a default judgment, so that "all credit bureaus so that this alleged debt which as already been resolved is deleted from Plaintiff's credit reports." (Plf. Br. at 7).

Having reviewed Plaintiff's submitted documentation, including letters from Defendant, Plaintiff's responses, Plaintiff's credit report, and documentation of reasonable attorney's fees, and relevant statutory authority, the Court finds that a Default Judgment in the amount of $7200.00 is justified. Further, Plaintiff's request that Defendant remove the tradeline associated with this case such that the resolved debt in question is removed from Plaintiff's credit reports is reasonable. Therefore, the Court:

(1) **GRANTS** Plaintiff's Motion for Default Judgment;

(2) **AWARDS** Plaintiff $7,200.00 in damages; and

(3) **ORDERS** Defendant remove the tradeline associated with this case within 30 days of this Order.

**SO ORDERED.**

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: January 17, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on January 17, 2008.

s/Denise Goodine  
Case Manager